Lesley M. Grossberg (NJ No. 021682008)
John F. Murphy (*pro hac vice* pending)
Stephanie M. Hatzikyriakou (NJ No. 080582014)
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone: 215.568.3100
Facsimile:  215.568.3439

Derek M. Freitas (*pro hac vice* pending)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, OH  45202-4074
Telephone: 513.929.3400
Facsimile:  513.929.0303

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VROOM, INC.;<br>VROOM AUTOMOTIVE, LLC<br>d/b/a VROOM, d/b/a<br>TEXAS DIRECT AUTO;<br>CARSTORY, LLC; and<br>VAST.COM, INC. d/b/a CARSTORY,<br><br>Plaintiffs,<br><br>v.<br><br>SIDEKICK<br>TECHNOLOGY, LLC,<br><br>Defendant. | *Document Electronically Filed*<br><br>C.A. No. _____<br><br>**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs Vroom, Inc. ("Vroom") (address: 1375 Broadway, Floor 11, New York, New York, 10018), Vroom Automotive, LLC d/b/a Vroom, d/b/a Texas Direct Auto ("Vroom Automotive") (address: 12053 Southwest Freeway, Stafford, Texas, 77477), CarStory, LLC

("CarStory, LLC") (address: 320 Congress Ave, Ste C, Austin, Texas, 78701), and Vast.com, Inc. d/b/a CarStory ("CarStory") (address: 320 Congress Ave, Ste C, Austin, Texas, 78701), file this Complaint for Declaratory Judgment ("Complaint") against Defendant Sidekick Technology, LLC ("Sidekick") (address[1]: 77 Bloomfield Avenue, Pine Brook, New Jersey, 07058), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement of United States Patent Nos. 9,141,984 (the "'984 Patent"); 8,744,925 (the "'925 Patent"); 8,650,093 (the "'093 Patent"); 9,123,075 (the "'075 Patent"); 9,147,216 (the "'216 Patent"); 9,460,467 (the "'467 Patent"); 9,665,897 (the "'897 Patent"); 9,626,704 (the "'704 Patent"); 10,140,655 (the "'655 Patent"); 10,223,722 (the "'722 Patent"); 10,223,720 (the "'720 Patent"); and 10,796,362 (the "'362 Patent") (collectively, the "Patents-in-Suit") arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.      Plaintiffs request relief because Sidekick has stated in correspondence that it owns the Patents-in-Suit and intends to enforce the Patents-in-Suit against Plaintiffs in Federal Court.

3.      On September 29, 2020, Sidekick's counsel sent Vroom's Chief Legal Officer a letter providing a cursory analysis of a single claim of a single patent[2] and alleging that Vroom infringes that patent as well as ten others.[3]  Sidekick demanded that Vroom "shall" shut down its business and open up its accounting information based on this cursory analysis and blanket allegation.  *See* Exhibit 1.

---

[1] On information and belief this address is Defendant's principal place of business.
[2] U.S. Patent No. 10,140,655.
[3] U.S. Patent Nos. 9,141,984; 8,744,925; 8,650,093; 9,123,075; 9,147,216; 9,460,467; 9,665,897; 9,626,704; 10,140,655; 10,223,722; and 10,223,720.

4.      Following Sidekick's September 29, 2020 letter, counsel for Vroom engaged in discussions with counsel for Sidekick.  The discussions ended on December 16, 2020, when counsel for Sidekick requested a written response to the September 29 letter by the end of the year.

5.      On December 31, 2020, Vroom responded by notifying Sidekick that Vroom does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any of the 11 patents identified in Sidekick's September 29, 2020 letter. *See* Exhibit 2. Vroom also provided an element-by-element analysis illustrating noninfringement of claim 1 of the '655 Patent.  *Id*.

6.      On March 2, 2021, counsel for Sidekick sent another demand letter, stating that "Sidekick fully intends to enforce its intellectual property rights to the fullest extent of the law and intends to pursue all remedies available to it."  *See* Exhibit 3.  In its March 2 letter, Sidekick not only reiterated its allegations of infringement against Vroom, but also implicated Plaintiff CarStory in its allegations and demands.  *See id.*  Furthermore, Sidekick added a twelfth patent[4] to its allegations and demands.  *See id.*

7.      On information and belief, and according to Sidekick's representations, Sidekick owns the Patents-in-Suit.

8.      Plaintiffs have not infringed, and are not infringing, the Patents-in-Suit.  Plaintiffs thus seek declaratory judgment to that effect, so that they may remove the cloud of uncertainty arising from Sidekick's allegations of infringement.

---

[4] U.S. Patent No. 10,796,362.

## THE PARTIES

9.      Plaintiff Vroom is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1375 Broadway, Floor 11, New York, New York, 10018.

10.     Plaintiff Vroom Automotive is a limited liability company organized and existing under the laws of Texas, with its principal place of business at 12053 Southwest Freeway, Stafford, Texas, 77477.  Vroom Automotive is a licensed motor vehicle dealer and a leading e-commerce platform for buying and selling used cars.

11.     Plaintiff CarStory, LLC is a limited liability company organized and existing under the laws of Delaware with a mailing address of 251 Little Falls Drive, Wilmington, Delaware, 19808.  CarStory, LLC, through its wholly owned subsidiary CarStory, is a leader in AI-powered analytics and digital services for automotive retail.

12.     Plaintiff CarStory is a corporation organized and existing under the laws of California, with its principal place of business at 320 Congress Ave, Ste C, Austin, Texas, 78701.

13.     Vroom is a public company listed and traded on The Nasdaq Global Select Market.  Each of Vroom Automotive, CarStory, LLC and CarStory is a wholly-owned subsidiary of Vroom.

14.     On information and belief, Defendant Sidekick is a limited liability company organized and existing under the laws of New Jersey, with a purported principal place of business at 77 Bloomfield Avenue, Pine Brook, New Jersey, 07058.  *See* Certificate of Formation on file with the New Jersey State Treasurer, attached as Exhibit 4.

## JURISDICTION AND VENUE

15.     Plaintiffs incorporate all preceding paragraphs by reference as though fully set forth herein.

16.     As detailed above and herein, an actual case or controversy exists between Plaintiffs and Defendant as to whether Plaintiffs have infringed or are infringing one or more claims of the Patents-in-Suit.

17.     The Court has subject matter jurisdiction over Plaintiffs' request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

18.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, which are within the subject matter of this Court under 28 U.S.C. §§ 1331 and 1338(a).

19.     The Court has personal jurisdiction over Defendant because Defendant is organized under the laws of and resides in the State of New Jersey in this district.

20.     Defendant is subject to general and specific personal jurisdiction in this judicial district based upon its purposeful, systematic, and continuous contacts with New Jersey, including forming under the laws of New Jersey, as well as maintaining an address and a registered agent in this judicial district.

21.     Venue is proper in this district under at least 28 U.S.C. § 1391 because Defendant resides in this judicial district and because Defendant is subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

22.     Vroom is an innovative, end-to-end e-commerce platform designed to offer a better way to buy and a better way to sell used vehicles.  Vroom's scalable, data-driven technology brings all phases of the vehicle buying and selling process to consumers wherever

they are and offers an extensive selection of vehicles, transparent pricing, competitive financing, and at-home pick-up and delivery.  Vroom's products and services may be accessed at Vroom.com or companion mobile applications.

23.     CarStory is a leader in AI-powered analytics and digital services for automotive retail.  Leveraging its machine learning, informed by more than 7 million listings per day and more than 18 million consumer sessions per month, CarStory provides the industry's most complete and accurate view of predictive market data to Vroom's national e-commerce and vehicle operations platform.  CarStory drives automotive retail innovation by aggregating, optimizing and distributing current market data from thousands of automotive sources and offering its digital retailing services to dealers, top automotive financial services companies and household names in automotive industry research and retailing.  CarStory's products and services may be accessed at CarStory.com or companion mobile applications.

24.     Sidekick holds itself out as the developer of "technology" permitting customers to select a desired automobile based on available market information and complete the transaction for that automobile from their home.  *See* Exhibit 1.  On information and belief, Sidekick is a company that exists for the specific purpose of pursuing infringement lawsuits and does not commercialize any products or services embodying the Patents-in-Suit.

### COUNT I
### Declaratory Judgment of Non-infringement of the '984 Patent

25.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

26.     On information and belief, Sidekick claims to own all rights, title, and interest in the '984 Patent.  A true and correct copy of the '984 Patent is attached hereto as Exhibit 5.

27.     The '984 Patent has four independent claims: claims 1, 2, 21, and 39.

28.    Claim 1 of the '984 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers, wherein at least a portion of the automobile market data is updated in real-time;

receiving, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface, wherein the first automobile market data is based on real-time automobile market data;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location; and

provide the *inventoryless bid* and the driving directions to the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receiving a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer, wherein the consumer selection indicates a consumer intention to purchase the first automobile.

29.     Claim 2 of the '984 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers;

receiving, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location; and

provide the *inventoryless bid* and the driving directions to the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receiving a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer.

30.     Claim 21 of the '984 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation

indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location;

provide the *inventoryless bid* and the driving directions via the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receive a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer.

31.    Claim 39 of the '984 Patent recites (with emphasis added):

A non-transitory computer readable medium storing software instructions which, when executed, cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data

11

and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers;

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location;

provide the *inventoryless bid* and the driving directions via the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receive a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer.

32.      Plaintiffs do not directly or indirectly infringe the '984 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of "inventoryless" bidding as required by every claim of the '984 Patent.

33.      A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '984 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '984 Patent.

34.      Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '984 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT II
### Declaratory Judgment of Non-infringement of the '925 Patent

35.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

36.     On information and belief, Sidekick claims to own all rights, title, and interest in the '925 Patent.  A true and correct copy of the '925 Patent is attached hereto as Exhibit 6.

37.     The '925 Patent has seven independent claims: claims 1, 2, 22, 34, 54, 55, and 56.

38.     Claim 1 of the '925 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers, wherein at least a portion of the automobile market data is updated in real-time;

receiving, via a consumer interface, a first request for a response regarding a first automobile, wherein the first request is made by a consumer using a mobile device which takes a picture of a vehicle identification number and the vehicle identification number is recognized using optical character recognition;

causing at least one processing device to:

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request, wherein the at least two dealers engage in *inventoryless bidding* by providing a bid on the first automobile when the first automobile is at least one of yet to be manufactured and in the inventory of another entity;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a

14

delivery option for the first automobile, the at least two bids based on the first automobile market data; and

receiving a consumer selection of a first bid including a first delivery option which specifies a first pickup location at a first dealer and a second delivery option which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to purchase the first automobile based on the first bid and specifies one of the first delivery option and the second delivery option, wherein the first bid is an *inventoryless bid* requiring the first automobile to be at least one of manufactured and transferred from the inventory of another entity to the first dealer.

39.     Claim 2 of the '925 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receiving, via a consumer interface, a first request for a response regarding a first automobile, the first request including a vehicle identification number;

causing at least one processing device to:

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a *delivery option* for the first automobile, the at least two bids based on the first automobile market data; and

receiving a consumer selection of a first bid including a first *delivery option* which specifies a first pickup location at a first dealer and a second delivery option which specifies a different second pickup location, wherein the consumer selection indicates a

consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first delivery option and the second delivery option.

40.    Claim 22 of the '925 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receiving, via a consumer interface, a first request for a response regarding a first automobile, the first request including data provided with at least one graphical user interface component;

causing at least one processing device to:

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a ***delivery option*** for the first automobile, the at least two bids based on the first automobile market data; and

receiving a consumer selection of a first bid including a first ***delivery option*** which specifies a first pickup location at a first dealer and a second ***delivery option*** which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first ***delivery option*** and the second ***delivery option***.

41.    Claim 34 of the '925 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics,

including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request including a vehicle identification number;

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a *delivery option* for the first automobile, the at least two bids based on the first automobile market data; and

receive a consumer selection of a first bid including a first *delivery option* which specifies a first pickup location at a first dealer and a second *delivery option* which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first *delivery option* and the second *delivery option*.

42.    Claim 54 of the '925 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request including data provided with at least one graphical user interface component;

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a *delivery option* for the first automobile, the at least two bids based on the first automobile market data; and

receive a consumer selection of a first bid including a first *delivery option* which specifies a first pickup location at a first dealer and a second *delivery option* which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first *delivery option* and the second *delivery option*.

43.     Claim 55 of the '925 Patent recites (with emphasis added):

A non-transitory computer readable medium storing software instructions which, when executed, cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request including a vehicle identification number;

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

18

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a ***delivery option*** for the first automobile, the at least two bids based on the first automobile market data; and

receive a consumer selection of a first bid including a first ***delivery option*** which specifies a first pickup location at a first dealer and a second ***delivery option*** which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first ***delivery option*** and the second ***delivery option***.

44.     Claim 56 of the '925 Patent recites (with emphasis added):

A non-transitory computer readable medium storing software instructions which, when executed, cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request including data provided with at least one graphical user interface component;

provide first automobile market data, based on the first request, via a dealer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a predetermined time period and within a predetermined geographic area;

request, via a dealer interface from at least two dealers, a bid to sell the first automobile based on the first request;

provide the response including at least two bids via the consumer interface, the at least two bids each including at least a price and a ***delivery option*** for the first automobile, the at least two bids based on the first automobile market data; and

receive a consumer selection of a first bid including a first ***delivery option*** which specifies a first pickup location at a first dealer and a

second *delivery option* which specifies a different second pickup location, wherein the consumer selection indicates a consumer intention to one of purchase the first automobile and lease the first automobile based on the first bid and specifies one of the first *delivery option* and the second *delivery option*.

45.     Plaintiffs do not directly or indirectly infringe the '925 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services: (1) do not employ, incorporate, or otherwise make use of "inventoryless" bidding as required by independent claim 1 of the '925 Patent and any claims depending therefrom; (2) do not employ, incorporate, or otherwise make use of specifying one of the first delivery option and the second delivery option as required by independent claims 2, 22, 34, and 54-56 of the '925 Patent and any claims depending therefrom.

46.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '925 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '925 Patent.

47.     Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '925 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

**COUNT III**
**Declaratory Judgment of Non-infringement of the '093 Patent**

48.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

49.     On information and belief, Sidekick claims to own all rights, title, and interest in the '093 Patent.  A true and correct copy of the '093 Patent is attached hereto as Exhibit 7.

50.     The '093 Patent has two independent claims: claims 1 and 11.

51.     Claim 1 of the '093 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers, wherein at least a portion of the automobile market data is updated in real-time;

receiving, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, wherein the first request is made by a consumer seller using a mobile device which takes a picture of a vehicle identification number and the vehicle identification number is recognized using optical character recognition, and the first request includes data provided with at least one graphical user interface component;

causing at least one processing device to:

provide first automobile market data, based on the first request, via a used automobile buyer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a specified time period and within a specified geographic area;

***request, via the used automobile buyer interface from at least two used automobile buyers, a bid to purchase the first used automobile*** based on the first request, wherein the at least two used automobile buyers include at least one dealer and at least one consumer;

provide the response including at least two bids via the used automobile consumer seller interface, the at least two bids each including at least a price and a delivery option for the first used automobile, the at least two bids based on the first automobile market data; and

receiving a consumer seller selection of a first bid including a first delivery option which specifies a first pickup location and a second delivery option which specifies a different second pickup location, wherein the consumer seller selection indicates a consumer seller intention to sell the first used automobile based on the first bid to a first used automobile buyer and specifies one of the first delivery option and the second delivery option

52.     Claim 11 of the '093 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers, wherein at least a portion of the automobile market data is updated in real-time;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, wherein the first request is made by a consumer seller using a mobile device which takes a picture of a vehicle identification number and the vehicle identification number is recognized using optical character recognition, and the first request includes data provided with at least one graphical user interface component;

provide first automobile market data, based on the first request, via a used automobile buyer interface, wherein the first automobile market data is based on real-time automobile market data and actual sales data for comparable automobiles within a specified time period and within a specified geographic area;

***request, via the used automobile buyer interface from at least two used automobile buyers, a bid to purchase the first used automobile*** based on the first request, wherein the at least two used automobile buyers include at least one dealer and at least one consumer;

provide the response including at least two bids via the used automobile consumer seller interface, the at least two bids each including at least a price and a delivery option for the first used

automobile, the at least two bids based on the first automobile market data; and

receive a consumer seller selection of a first bid including a first delivery option which specifies a first pickup location and a second delivery option which specifies a different second pickup location, wherein the consumer seller selection indicates a consumer seller intention to sell the first used automobile based on the first bid to a first used automobile buyer and specifies one of the first delivery option and the second delivery option.

53.     Plaintiffs do not directly or indirectly infringe the '093 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not request, via the used automobile buyer interface from at least two used automobile buyers, a bid to purchase the first used automobile as required by every claim of the '093 Patent.

54.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '093 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '093 Patent.

55.     Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '093 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT IV
## Declaratory Judgment of Non-infringement of the '075 Patent

56.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

57.     On information and belief, Sidekick claims to own all rights, title, and interest in the '075 Patent.  A true and correct copy of the '075 Patent is attached hereto as Exhibit 8.

58.     The '075 Patent has three independent claims: claims 1, 17, and 18.

59.     Claim 1 of the '075 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data, wherein the automobile market data includes information received from at least a plurality of consumers;

receiving, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identification number and geolocation information of the consumer used automobile seller;

executing instructions, by at least one processing device, to:

determine, using on the geolocation information, that the consumer used automobile seller is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

provide first automobile market data, based on the first request, via a used automobile buyer interface;

request, via the used automobile buyer interface from the at least one used automobile buyer, a bid to purchase the first used automobile based on the first request;

receive, via the used automobile buyer interface, at least one bid from at least one used automobile buyer, the at least one bid including a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

***generate, based on receiving the first bid, driving directions*** from the first location to the second location; and

provide the response including the first bid via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile, and the response including the ***driving directions*** from the first location to the second location; and

receiving a consumer used automobile seller selection of the first bid, wherein the consumer used automobile seller selection indicates a consumer used automobile seller intention to sell the first used automobile based on the first bid to the first used automobile buyer.

60.     Claim 17 of the '075 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data, wherein the automobile market data includes information received from at least a plurality of consumers;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identification number and geolocation information of the consumer used automobile seller;

determine, using on the geolocation information, that the consumer used automobile seller is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

provide first automobile market data, based on the first request, via a used automobile buyer interface;

request, via the used automobile buyer interface from the at least one used automobile buyer, a bid to purchase the first used automobile based on the first request;

receive, via the used automobile buyer interface, at least one bid from at least one used automobile buyer, the at least one bid including a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

**generate, based on receiving the first bid, driving directions** from the first location to the second location; and

provide the response including the first bid via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile, and the response including the ***driving directions*** from the first location to the second location; and

receive a consumer used automobile seller selection of the first bid, wherein the consumer used automobile seller selection indicates a consumer used automobile seller intention to sell the first used automobile based on the first bid to the first used automobile buyer.

61.    Claim 18 of the '075 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data, wherein the automobile market data includes information received from at least a plurality of consumers;

receive, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identification number and geolocation information of the consumer used automobile seller;

determine, using on the geolocation information, that the consumer used automobile seller is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

provide first automobile market data, based on the first request, via a used automobile buyer interface;

request, via the used automobile buyer interface from the at least one used automobile buyer, a bid to purchase the first used automobile based on the first request;

receive, via the used automobile buyer interface, at least one bid from at least one used automobile buyer, the at least one bid including a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

**generate, based on receiving the first bid, driving directions** from the first location to the second location; and

provide the response including the first bid via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile, and the response including the **driving directions** from the first location to the second location; and

receive a consumer used automobile seller selection of the first bid, wherein the consumer used automobile seller selection indicates a consumer used automobile seller intention to sell the first used automobile based on the first bid to the first used automobile buyer.

62. Plaintiffs do not directly or indirectly infringe the '075 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of generating, based on receiving the first bid, driving directions from the first location to the second location as required by every claim of the '075 Patent.

63. A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '075 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application. A judicial declaration is necessary to determine the parties' respective rights regarding the '075 Patent.

64. Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '075 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any

corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT V
### Declaratory Judgment of Non-infringement of the '216 Patent

65.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

66.     On information and belief, Sidekick claims to own all rights, title, and interest in the '216 Patent.  A true and correct copy of the '216 Patent is attached hereto as Exhibit 9.

67.     The '216 Patent has three independent claims: claims 1, 24, and 25.

68.     Claim 1 of the '216 Patent recites (with emphasis added):

A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receiving, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

***determine, using the information, that the consumer is located at the first location***;

***determine, based on a determination that the consumer is located at the first location, that the consumer is located at a first deale***r;

generate, based on the first dealer, an in-market dealer area proximately located to the first dealer;

determine that a second dealer is located at a second location within the in-market dealer area;

provide first automobile market data to the second dealer, based on the first request, via a dealer interface;

request, via the dealer interface from the second dealer, a bid to sell the first automobile based on the first request; and

receive, via the dealer interface, a first bid from the second dealer located at the second location within the in-market dealer area;

generate, based on receiving the first bid, driving directions from the first location to the second location;

provide the response including the first bid via the consumer interface, the first bid including at least a price for the first automobile, and the response including the driving directions from the first location to the second location; and

receiving a consumer selection of the first bid.

69.     Claim 24 of the '216 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

*determine, using the information, that the consumer is located at the first location;*

*determine, based on a determination that the consumer is located at the first location, that the consumer is located at a first dealer;*

generate, based on the first dealer, an in-market dealer area proximately located to the first dealer;

determine that a second dealer is located at a second location within the in-market dealer area;

provide first automobile market data to the second dealer, based on the first request, via a dealer interface;

request, via the dealer interface from the second dealer, a bid to sell the first automobile based on the first request;

receive, via the dealer interface, a first bid from the second dealer located at the second location within the in-market dealer area;

generate, based on receiving the first bid, driving directions from the first location to the second location;

provide the response including the first bid via the consumer interface, the first bid including at least a price for the first automobile, and the response including the driving directions from the first location to the second location; and

receiving a consumer selection of the first bid.

70.    Claim 25 of the '216 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from a plurality of dealers and a plurality of consumers;

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

***determine, using the geolocation information, that the consumer is located at the first location;***

***determine, based on a determination that the consumer is located at the first location, that the consumer is located at a first dealer;***

generate, based on the first dealer, an in-market dealer area proximately located to the first dealer;

determine that a second dealer is located at a second location within the in-market dealer area;

provide first automobile market data to the second dealer, based on the first request, via a dealer interface;

request, via the dealer interface from the second dealer, a bid to sell the first automobile based on the first request;

receive, via the dealer interface, a first bid from the second dealer located at the second location within the in-market dealer area;

generate, based on receiving the first bid, driving directions from the first location to the second location;

provide the response including the first bid via the consumer interface, the first bid including at least a price for the first automobile, and the response including the driving directions from the first location to the second location; and

receive a consumer selection of the first bid.

71.     Plaintiffs do not directly or indirectly infringe the '216 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of determining, based on a determination that the consumer is located at the first location, that the consumer is located at a first dealer as required by every claim of the '216 Patent.

72.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '216 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '216 Patent.

73.     Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '216 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any

corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT VI
### Declaratory Judgment of Non-infringement of the '467 Patent

74.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

75.    On information and belief, Sidekick claims to own all rights, title, and interest in the '467 Patent.  A true and correct copy of the '467 Patent is attached hereto as Exhibit 10.

76.    The '467 Patent has three independent claims: claims 1, 19, and 20.

77.    Claim 1 of the '467 Patent recites (with emphasis added):

A method comprising:

receiving, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identifier and geolocation information of the consumer used automobile seller;

executing instructions, by at least one processing device, to:

***determine, based on the geolocation information, that the consumer used automobile seller is located at the first location;***

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

generate, based on receiving the first bid, ***driving directions*** from the first location to the second location; and

provide, via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile and the ***driving directions*** from the first location to the second location.

78.   Claim 19 of the '467 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing the instructions to:

receive, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identifier and geolocation information of the consumer used automobile seller;

***determine, based on the geolocation information, that the consumer used automobile seller is located at the first location;***

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

generate, based on receiving the first bid, ***driving directions*** from the first location to the second location; and

provide, via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile and the ***driving directions*** from the first location to the second location.

79.   Claim 20 of the '467 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

receive, via a used automobile consumer seller interface, a first request for a response regarding a first used automobile, the first request made by a consumer used automobile seller located at a first location and including a vehicle identifier and geolocation information of the consumer used automobile seller;

*determine, based on the geolocation information, that the consumer used automobile seller is located at the first location;*

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

generate, based on receiving the first bid, *driving directions* from the first location to the second location; and

provide, via the used automobile consumer seller interface, the first bid including at least a price for the first used automobile and the *driving directions* from the first location to the second location.

80.     Plaintiffs do not directly or indirectly infringe the '467 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services: (1) do not employ, incorporate, or otherwise make use of determining, based on the geolocation information, that the consumer used automobile seller is located at the first location as required by every claim of the '467 Patent; and (2) do not employ, incorporate, or otherwise make use of "driving directions" as required by every claim of the '467 Patent.

81.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '467 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '467 Patent.

82.     Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '467 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any

corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT VII
### Declaratory Judgment of Non-infringement of the '897 Patent

83.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

84.     On information and belief, Sidekick claims to own all rights, title, and interest in the '897 Patent.  A true and correct copy of the '897 Patent is attached hereto as Exhibit 11.

85.     The '897 Patent has three independent claims: claims 1, 39, and 40.

86.     Claim 1 of the '897 Patent recites (with emphasis added):

1. A method comprising:

storing, on a computer readable medium, automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers, wherein at least a portion of the automobile market data is updated in real-time;

receiving, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer,

based on the first request, via a manufacturer interface, wherein the first automobile market data is based on real-time automobile market data;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an **inventoryless bid** to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in **inventoryless bidding**, the **inventoryless bid** to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location; and

provide the **inventoryless bid** and the driving directions to the consumer interface, the **inventoryless bid** including at least a price and a delivery option; and

receiving a consumer selection of the **inventoryless bid** including a first delivery option which specifies a pickup location at the first dealer, wherein the consumer selection indicates a consumer intention to purchase the first automobile.

87.     Claim 39 of the '897 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location;

provide the *inventoryless bid* and the driving directions via the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receive a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer.

88.  Claim 40 of the '897 Patent recites (with emphasis added):

A non-transitory computer readable medium storing software instructions which, when executed, cause an information processing apparatus to:

store automobile market data which is representative of recent automobile market characteristics, including at least pricing data and inventory data, wherein the automobile market data includes information received from at least one manufacturer, a plurality of dealers, and a plurality of consumers;

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

determine current inventory data of the first automobile, wherein the current inventory data of the first automobile includes a plurality of dealer inventories of a plurality of dealers, with each respective dealer of the plurality of dealers having a respective dealer inventory, and wherein the current inventory data indicates that a first dealer of the plurality of dealers does not currently have the first automobile in a first inventory of the first dealer;

provide first automobile market data including the current inventory data of the first automobile to the first manufacturer, based on the first request, via a manufacturer interface;

generate, based on the first automobile market data including the current inventory data of the first automobile, via the manufacturer interface, at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

determine, using the geolocation information, that the consumer is located at the first location;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that the first dealer is located at a second location within the in-market dealer area;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

request, from the first dealer, via a dealer interface, an *inventoryless bid* to sell the first automobile based on the first manufacturer response;

receive, from the first dealer located at the second location and engaging in *inventoryless bidding*, the *inventoryless bid* to provide the first automobile, which is at least one of yet to be manufactured and in the inventory of another entity;

generate driving directions from the first location to the second location;

provide the *inventoryless bid* and the driving directions via the consumer interface, the *inventoryless bid* including at least a price and a delivery option; and

receive a consumer selection of the *inventoryless bid* including a first delivery option which specifies a pickup location at the first dealer.

89.    Plaintiffs do not directly or indirectly infringe the '897 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of "inventoryless" bidding as required by every claim of the '897 Patent.

90.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '897 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '897 Patent.

91.    Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '897 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT VIII
## Declaratory Judgment of Non-infringement of the '704 Patent

92.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

93.    On information and belief, Sidekick claims to own all rights, title, and interest in the '704 Patent.  A true and correct copy of the '704 Patent is attached hereto as Exhibit 12.

94.    The '704 Patent has three independent claims: claims 1, 37, and 38.

95. Claim 1 of the '704 Patent recites (with emphasis added):

A method comprising:

receiving, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

**determine, based on the geolocation information, that the consumer is located at the first location**;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

request, via a dealer interface from the first dealer, a bid to sell the first automobile based on the first request;

receive, via the dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

**generate, based on receiving the first bid, driving directions from the first location to the second location**; and

provide the first bid and the **driving directions** via the consumer interface, the first bid including at least a price for the first automobile.

96. Claim 37 of the '704 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device the executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

*determine, using the geolocation information, that the consumer is located at the first location*;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

request, via a dealer interface from the first dealer, a bid to sell the first automobile based on the first request;

receive, via the dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

*generate, based on receiving the first bid, driving directions from the first location to the second location*; and

provide the first bid and the ***driving directions*** via the consumer interface, the first bid including at least a price for the first automobile.

97.   Claim 38 of the '704 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

*determine, using the geolocation information, that the consumer is located at the first location*;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

request, via a dealer interface from the first dealer, a bid to sell the first automobile based on the first request;

receive, via the dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

*generate, based on receiving the first bid, driving directions from the first location to the second location*; and

provide the first bid and the ***driving directions*** via the consumer interface, the first bid including at least a price for the first automobile.

98.    Plaintiffs do not directly or indirectly infringe the '704 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of (1) determining, using the geolocation information, that the consumer is located at the first location as required by every claim of the '704 Patent; and (2) generating, based on receiving the first bid, driving directions from the first location to the second location as required by every claim of the '704 Patent.

99.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '704 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '704 Patent.

100.    Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '704 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT IX
## Declaratory Judgment of Non-infringement of the '655 Patent

101.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

102.     On information and belief, Sidekick claims to own all rights, title, and interest in the '655 Patent.  A true and correct copy of the '655 Patent is attached hereto as Exhibit 13.

103.     The '655 Patent has three independent claims: claims 1, 19, and 28.

104.     Claim 1 of the '655 Patent recites (with emphasis added):

A method comprising:

receiving, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the used automobile;

executing instructions, by at least one processing device, to:

determine, based on the geolocation information, that the used automobile is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

**generate, based on receiving the first bid, driving directions from the first location to the second location**; and

**provide, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions from the first location to the second location**.

105.     Claim 19 of the '655 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing the instructions to:

44

receive, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the used automobile seller;

determine, based on the geolocation information, that the used automobile is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

***generate, based on receiving the first bid, driving directions from the first location to the second location***; and

***provide, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions from the first location to the second location***.

106.    Claim 28 of the '655 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

receive, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the used automobile;

determine, based on the geolocation information, that the used automobile is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

*generate, based on receiving the first bid, driving directions from the first location to the second location*; and

*provide, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions from the first location to the second location*.

107.    Plaintiffs do not directly or indirectly infringe the '655 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of (1) generating based on receiving the first bid, driving directions from the first location to the second location as required by every claim of the '655 Patent; and (2) providing the driving directions from the first location to the second location as required by every claim of the '655 Patent.

108.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '655 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '655 Patent.

109.    Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '655 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT X
## <u>Declaratory Judgment of Non-infringement of the '722 Patent</u>

110.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

111.    On information and belief, Sidekick claims to own all rights, title, and interest in the '722 Patent.  A true and correct copy of the '722 Patent is attached hereto as Exhibit 14.

112.    The '722 Patent has three independent claims: claims 1, 27, and 33.

113.    Claim 1 of the '722 Patent recites (with emphasis added):

A method comprising:

receiving, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

***determine, based on the geolocation information, that the consumer is located at the first location***;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

receive, via a dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

***generate, after receiving the first bid, driving directions between the first location and the second location***; and

provide the first bid and the driving directions via the consumer interface, the first bid including at least a price for the first automobile.

114.    Claim 27 of the '722 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device the executing instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

***determine, using the geolocation information, that the consumer is located at the first location***;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

receive, via a dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

***generate, after receiving the first bid, driving directions between the first location and the second location***; and

provide the first bid and the driving directions via the consumer interface, the first bid including at least a price for the first automobile.

115. Claim 33 of the '722 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

receive, via a consumer interface, a first request for a response regarding a first automobile, the first request made by a consumer located at a first location and including geolocation information of the consumer;

***determine, using the geolocation information, that the consumer is located at the first location***;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that a first dealer is located at a second location within the in-market dealer area;

receive, via a dealer interface, a first bid from the first dealer located at the second location within the in-market dealer area;

***generate, after receiving the first bid, driving directions between the first location and the second location***; and

provide the first bid and the driving directions via the consumer interface, the first bid including at least a price for the first automobile.

116.     Plaintiffs do not directly or indirectly infringe the '722 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of (1) determining, using the geolocation information, that the consumer is located at the first location as required by every claim of the '722 Patent; and (2) generating, after receiving the first bid, driving directions between the first location and the second location as required by every claim of the '722 Patent.

117.     A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '722 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '722 Patent.

118.     Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '722 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT XI
## Declaratory Judgment of Non-infringement of the '720 Patent

119.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

120.     On information and belief, Sidekick claims to own all rights, title, and interest in the '720 Patent.  A true and correct copy of the '720 Patent is attached hereto as Exhibit 15.

121.     The '720 Patent has three independent claims: claims 1, 29, and 34.

122.     Claim 1 of the '720 Patent recites (with emphasis added):

A method comprising:

receiving, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

executing instructions, by at least one processing device, to:

generate, based on current inventory data of the first automobile at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

***determine, based on the geolocation information, that the consumer is located at the first location***;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that at least a first dealer is located within the in-market dealer area, the first dealer located at a second location;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

receive, from the first dealer located at the second location, the bid to provide the first automobile;

**generate driving directions between the first location and the second location**; and

provide the bid and the driving directions to the consumer interface, the bid including at least a price.

123. Claim 29 of the '720 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions; and

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing the instructions to:

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

generate, based on current inventory data of the first automobile at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

**determine, based on the geolocation information, that the consumer is located at the first location**;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that at least a first dealer is located within the in-market dealer area, the first dealer located at a second location;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

receive, from the first dealer located at the second location, the bid to provide the first automobile;

**generate driving directions between the first location and the second location**; and

provide the bid and the driving directions via the consumer interface, the bid including at least a price.

124.  Claim 34 of the '720 Patent recites (with emphasis added):

A non-transitory computer readable medium storing software instructions which, when executed, cause an information processing apparatus to:

receive, via a consumer interface, a first request for a response regarding a first automobile, which is manufactured by a first manufacturer, the first request made by a consumer located at a first location and including geolocation information of the consumer;

generate, based on current inventory data of the first automobile at least one of a verification indicating that the first automobile can be provided for the consumer, a confirmation indicating that the first automobile can be provided for the consumer, and an offer indicating that the first automobile can be provided for the consumer;

**determine, based on the geolocation information, that the consumer is located at the first location**;

generate, based on the first location, an in-market dealer area proximately located to the first location;

determine that at least a first dealer is located within the in-market dealer area, the first dealer located at a second location;

provide a first manufacturer response via the consumer interface, the first manufacturer response including the at least one of the verification indicating that the first automobile can be provided for the consumer, the confirmation indicating that the first automobile can be provided for the consumer, and the offer indicating that the first automobile can be provided for the consumer;

receive, from the first dealer located at the second location, the bid to provide the first automobile;

>*generate driving directions between the first location and the*
>*second location*; and

>provide the bid and the driving directions via the consumer
>interface, the bid including at least a price.

125.    Plaintiffs do not directly or indirectly infringe the '720 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of providing: (1) determining, using the geolocation information, that the consumer is located at the first location as required by every claim of the '720 Patent; and (2) generating driving directions between the first location and the second location as required by every claim of the '720 Patent.

126.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '720 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '720 Patent.

127.    Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '720 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT XII
## Declaratory Judgment of Non-infringement of the '362 Patent

128.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

129.     On information and belief, Sidekick claims to own all rights, title, and interest in the '362 Patent.  A true and correct copy of the '362 Patent is attached hereto as Exhibit 16.

130.     The '362 Patent has three independent claims: claims 1, 32, and 63.

131.     Claim 1 of the '362 Patent recites (with emphasis added):

A method comprising:

receiving, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the first used automobile;

determining, based on the geolocation information, that the first used automobile is located at the first location;

generating, based on the determined first location, an in-market used automobile buyer area;

determining that at least one used automobile buyer is located within the in-market used automobile buyer area;

receiving, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

***generating, based on receiving the first bid, driving directions between the first location and the second location***; and

***providing, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions between the first location and the second location.***

132.     Claim 32 of the '362 Patent recites (with emphasis added):

A system comprising:

a computer readable medium storing instructions;

at least one processing device operably coupled to the computer readable medium, the at least one processing device executing the instructions to:

receive, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the first used automobile;

determine, based on the geolocation information, that the first used automobile is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

*generate, based on receiving the first bid, driving directions between the first location and the second location*; and

*provide, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions between the first location and the second location*.

133.    Claim 63 of the '362 Patent recites (with emphasis added):

A non-transitory computer readable medium storing instructions which, when executed, are configured to cause an information processing apparatus to:

receive, via a used automobile seller interface, a first request for a response regarding a first used automobile, the first request made by a used automobile seller located at a first location and including a vehicle identifier and geolocation information of the first used automobile;

determine, based on the geolocation information, that the first used automobile is located at the first location;

generate, based on the determined first location, an in-market used automobile buyer area;

determine that at least one used automobile buyer is located within the in-market used automobile buyer area;

receive, via a used automobile buyer interface, a first bid from a first used automobile buyer located at a second location within the in-market used automobile buyer area;

*generate, based on receiving the first bid, driving directions between the first location and the second location*; and

*provide, via the used automobile seller interface, the first bid including at least a price for the first used automobile and the driving directions between the first location and the second location*.

134.    Plaintiffs do not directly or indirectly infringe the '362 Patent, either literally or under the doctrine of equivalents, at least because Plaintiffs' services do not employ, incorporate, or otherwise make use of (1) generating based on receiving the first bid, driving directions between the first location and the second location as required by every claim of the '362 Patent; and (2) providing the driving directions between the first location and the second location as required by every claim of the '362 Patent.

135.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs infringe the '362 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application.  A judicial declaration is necessary to determine the parties' respective rights regarding the '362 Patent.

136.    Plaintiffs seek a judgment declaring that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, one or more claims of the '362 Patent by making, using, importing, offering for sale and selling the functionalities available at their websites and/or any corresponding mobile device application, either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) and (c).

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

137.    That the Court enter judgment in Plaintiffs' favor and declare that Plaintiffs do not infringe each and every one of the Patents-in-Suit;

138.    That the Court declare that Plaintiffs are free and clear to make, use, offer for sale and sell the functionalities available at their websites and/or any corresponding mobile device application despite any rights Defendant purports to own;

139.    That the Court enjoin Defendant from representing to anyone that Plaintiffs are infringing on any rights Defendant purports to own, including any rights based on the patents in suit;

140.    That the Court declare that this is an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their attorneys' fees and costs incurred in this action; and

141.    That this Court grants Plaintiffs such other further relief as the Court deems just and proper.


Dated: March 25, 2021

*Lesley M Grossberg*

Lesley M. Grossberg (NJ No. 021682008)
lgrossberg@bakerlaw.com
John F. Murphy (*pro hac vice* pending)
johnmurphy@bakerlaw.com
Stephanie M. Hatzikyriakou (NJ No. 080582014)
shatzikyriakou@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone:    215.568.3100
Facsimile:      215.568.3439

Derek M. Freitas (*pro hac vice* pending)
dfreitas@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, OH  45202-4074
Telephone:    513.929.3400
Facsimile:    513.929.0303

*Attorneys for Declaratory Judgment Plaintiffs*

## **RULE 11.2 CERTIFICATION**

I hereby certify, under penalty of perjury, that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding at this time.

Dated:  March 25, 2021

_Lesley M Grossberg_
_____

Lesley M. Grossberg (NJ No. 021682008)
lgrossberg@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439