## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VROOM, INC.; VROOM AUTOMOTIVE, LLC d/b/a VROOM, d/b/a TEXAS DIRECT AUTO; CARSTORY, LLC; and VAST.COM, INC. d/b/a CARSTORY,** | |
| **Plaintiffs,** | Case No.: 2:21-cv-06737-WJM-JSA |
| **v.** | **OPINION** |
| **SIDEKICK TECHNOLOGY, LLC,** | |
| **Defendant.** | |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiffs Vroom, Inc., Vroom Automotive, LLC d/b/a Texas Direct Auto, CarStory, LLC, and Vast.com, Inc. d/b/a CarStory (collectively, "Vroom" or "Plaintiffs") brought this declaratory judgment action against defendant Sidekick Technology, LLC ("Sidekick" or "Defendant") seeking a declaration that they do not infringe certain of Sidekick's patents. This matter comes before the Court on Defendant's motion for reconsideration (the "Motion") of the Court's June 2022 opinion and order granting Plaintiffs' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 52. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's Motion is **DENIED**.

### I.    BACKGROUND

The Court assumes the parties' familiarity with the facts of the instant case and will summarize below only those facts relevant to the instant motion. On June 28, 2022, this Court granted Plaintiffs' motion for judgment on the pleadings and dismissed with prejudice Defendant's counterclaims. The Court held that, through an analysis of representative claims, each of the patents-in-suit were directed towards ineligible subject matters under § 101 of the Patent Act. 35 U.S.C. § 101. Specifically, the Court found that the representative claims were "directed to the abstract idea of collecting and using automobile market and user data to facilitate automobile transactions and fail[ed] to include any inventive concept that sufficiently transforms that abstract idea into a patent eligible application." *Vroom Inc. v. Sidekick Tech., LLC*, No. 2:21-cv-06737-WJM-JSA, 2022 U.S. Dist. LEXIS 113916, at *34-35 (D.N.J. June 27, 2022)

Defendant now moves for reconsideration, arguing first that the murkiness of patent eligibility coupled with the Supreme Court's denial of *certiorari* in *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*, 967 F.3d 1285 (Fed. Cir. 2020), *cert. denied*,

(142 S. Ct. 2902) (2022) should compel this Court to reconsider its June 2022 Opinion. Defendant next argues that the Court made a clear error of law by failing to address the United States Patent and Trademark Office's ("PTO") examination of 10 of the 12 patents at issue, impermissibly shifting the burden to Defendant to demonstrate patent validity, and making factual findings in Plaintiffs' favor in a Rule 12 motion.

Plaintiffs oppose reconsideration, arguing that Defendant lacks a valid ground for reconsideration because it conceded that there has been no specific change in the law of patent eligibility. Plaintiffs then argue that the substance of the Court's June 2022 Opinion was correct, specifically that the record before the PTO is irrelevant, the Court did not make an error with respect to the burden of proof, and the Court correctly held that it is not obligated to give weight to Defendant's conclusory statements.

## II.    LEGAL STANDARD

"A motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"The word 'overlooked' is the operative term in [Rule 7.1(i)]." *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (citation omitted). "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Id*. (quotation and citation omitted). "[S]uch motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Id*. (quotation and citation omitted).

## III.   DISCUSSION

Defendant moves under the clear error of law or manifest injustice rationale. The Court briefly addresses each of Defendant's arguments, but ultimately finds that Defendant does not raise any clear errors of law that warrant reconsideration.

### A. Defendant Does Not Cite to a Specific Change in the Law

First, Defendant concedes that "[i]n this case, there is no specific change in the law." Defendant's Motion for Reconsideration ("Def.'s Motion"), at 2, ECF No. 52. However, Defendant then goes on to suggest that the area of law on which this Court's June 2022 Opinion was based is "plainly one for which the bench and bar are crying out for clarity." *Id*. at 2-3. Clarity is an improper ground for a motion for reconsideration. *See Quinteros*, 176 F.3d 669, 677.

2

### B. The Court's Opinion Need Not Reference the Examiner, Patent Prosecution Activities, or the PTO

Defendant next argues that this Court's failure to acknowledge or address the PTO's examination of 10 of the 12 patents-in-suit constitutes legal error. In support of this, Defendant states that the Court's opinion did not reference "the Examiner, patent prosecution activities, or the United States Patent and Trademark Office." Def.'s Motion at 4-5. However, Defendant does not cite to a single case that would purport to require the Court to affirmatively address such facts. The Court is not persuaded by Defendant's suggestion that it must defer to the determination of the Patent Examiner concerning patent eligibility under § 101. *See Beteiro, LLC v. BetMGM, LLC*, No. 1:21-cv-20156, 2022 U.S. Dist. LEXIS 161156, at *25 (D.N.J. Sep. 7, 2022) (declining to defer to the determination of the Patent Examiner concerning patent eligibility under *Alice*); *Fitbit Inc. v. AliphCom*, No. 16-00118, 2017 U.S. Dist. LEXIS 115203, at *2 (N.D. Cal. July 24, 2017) ("An examiner's statements about a patent are not themselves evidence of the patent's validity.") Similarly, a court need not afford weight to prosecution histories, as opposed to final written decisions in *inter partes* review proceedings, in the analysis of patent eligibility. *See Interactive Wearables, LLC v. Polar Electro Oy*, 501 F. Supp. 3d 162, 183 (E.D.N.Y. 2020).

### C. The Court Did Not Shift the Burden of Proof to Defendant

Defendant next argues that the Court impermissibly shifted the burden of proof to Defendant to prove patent validity by designating a representative claim. Courts have routinely upheld the use of representative claims in determining patent eligibility under § 101. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); *See, e.g.*, *Elec. Power Grp., LLC v. Alstrom S.A.*, 830 F.3d 1350, 1351 (Fed. Cir. 2016) (treating one claim as representative of sixteen asserted claims across three patents). Defendant itself suggested representative claims are needed as to each of the three separate patent lineages which comprised the patents-in-suit. *See Vroom Inc. v. Sidekick Tech., LLC*, 2022 U.S. Dist. LEXIS 113916, at *7 (D.N.J. June 27, 2022). The Court previously considered, and disagreed with, Defendant's argument that independent analysis of eligibility with respect to all four-hundred and five claims is necessary. *Id.* at n.2. Having already considered this issue in the original motion, the Court finds Defendant failed to raise a proper ground for reconsideration. *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) ("Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.")

### D. Defendant's Assertions Concerning the Court Making Factual Findings in Favor of Plaintiff is Misplaced

Finally, Defendant argues that the Court erred by disregarding properly pleaded facts and making factual findings in favor of Plaintiff. Defendant relies on the Court's finding that "elements, such as the limitation with respect to inventoryless bidding or inclusion of a manufacturer response are simply insignificant additional steps in the

automobile transaction process" in support. *Sidekick Tech., LLC*, U.S. Dist. LEXIS 113916, at \*29. Defendant's contention is couched in a misreading of the Court's opinion. As a preliminary matter, the Court need not give weight to conclusory statements void of plausible factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court addressed Defendant's various arguments against finding that the claims of the patents-in-suit were directed to an abstract idea. First, the Court found that the claimed steps and processes were no more than the computerized method of performing the basic and essential steps of an automobile transaction, insufficient to render the claims less abstract. *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d at 1370 (Fed. Cir. 2016) ("Steps that do nothing more than spell out what it means to 'apply it on a computer' cannot confer patent-eligibility") (internal quotations omitted). Second, the Court found that the patents-in-suit did not improve existing technology for two reasons: 1) Defendant only cited to conclusory statements in support and, 2) "even if the Court were to accept Defendant's assertions, they describe only the sort of data synthesis and improved efficiency that courts have regularly found insufficient to render a claim nonabstract." *Sidekick Tech., LLC*, U.S. Dist. LEXIS 113916, at \*26. Finally, in applying step two of the *Alice* test, this Court found that the elements of the patent claims failed to recite a sufficiently inventive concept to confer patent eligibility. In so finding, this Court noted that Defendant again relied on conclusory statements that the claimed systems and methods were "new and innovative" or offer "a synergistic and optimal resource" for users. Furthermore, this Court found that the additional steps in the automobile transaction process such as "inventoryless bidding" or "inclusion of a manufacturer response" were insignificant in limiting the abstract idea or adding to it an inventive concept. *See, e.g.*, *Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (dependent claims reciting additional steps such as optical character recognition technology were insufficient to render claim patent eligible); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016) (collection and display of real-time data not inventive concept). Accordingly, the Court finds that Defendant does not raise any clear legal or factual errors or issues of manifest injustice that warrant reconsideration. Defendant's motion, therefore, is **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion for reconsideration is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**William J. Martini, U.S.D.J.**

**Date: October 17, 2022**