UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VROOM, INC.; VROOM AUTOMOTIVE, LLC d/b/a/ VROOM, d/b/a TEXAS DIRECT AUTO; CARSTORY, LLC; and VAST.COM, INC., d/b/a/ CARSTORY.<br><br>Plaintiffs,<br><br>v.<br><br>SIDEKICK TECHNOLOGY, LLC,<br><br>Defendant. | No. 21-cv-6737<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J**:

Before the Court is Plaintiffs Vroom, Inc.; Vroom Automotive, LLC; Carstory, LLC; and Vast.com, Inc. (collectively, "Vroom") and Defendant Sidekick Technology, Inc.'s ("Sidekick") "Joint Motion for an Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1 on a Joint Motion to Vacate under Federal Rule of Civil Procedure 60(b)" (the "Motion"), ECF No. 85, which the Court decides without oral argument. Fed. R. Civ P. 78.1(b). For the reasons stated herein, the Court hereby indicates that, under Rule 62.1(a)(3), if the Federal Circuit were to remand this matter, it would enter an order vacating its prior decisions declaring Sidekick's patents ineligible.

I. **BACKGROUND**[1]

When this action commenced in March 2021, Vroom and Sidekick were entangled in an intellectual property dispute about patents related to each party's used vehicle e-commerce business (the "Patents-in-Suit").[2] Vroom filed a complaint seeking declaratory judgment against Sidekick's allegations of patent infringement. ECF No. 1. Broadly speaking, the Patents-in-Suit describe "systems, methods, and apparatuses for providing automobile market information and performing or facilitating automobile transactions." *Vroom*, 609 F. Supp 307 at 310. Sidekick answered, asserting twelve counterclaims for patent infringement covering each of the Patents-in-Suit. ECF No. 14. In response, Vroom asserted several affirmative defenses to Sidekick's

---

[1] The Court assumes the parties' familiarity with the underlying dispute and recounts only the facts necessary to decide the Motion. A more detailed account of the facts can be found in the Court's earlier opinion. ECF No. 46; *Vroom Inc. v. Sidekick Tech., LLC*, 609 F. Supp. 3d 307 (D.N.J. 2022).

[2] The twelve asserted patents are U.S. Patent Nos. 8,650,093; 8,744,925; 9,123,075; 9,141,984; 9,147,216; 9,460,467; 9,626,704; 9,665,897; 10,140,655; 10,223,720; 10,223,722; and 10,796,362.

counterclaims, including that the Patents-in-Suit were each directed to ineligible subject matter under 25 U.S.C. § 101. ECF No. 26.

This Court granted Vroom's motion for judgment on the pleadings, finding that Sidekick's Patents-in-Suit are ineligible for patenting. ECF No. 46 (the "June 28, 2022 Opinion and Order"). The Court denied reconsideration of the June 28, 2022 Opinion and Order. ECF No. 57 (the "October 18, 2022 Opinion and Order," together, the "2022 Opinions"). Sidekick filed an appeal with the Federal Circuit in January 2023 (the "Appeal"), which remains pending as of the date of this Opinion. ECF No. 61.

The Motion states that Vroom shed its used vehicle business in a Chapter 11 case filed in bankruptcy court. Mot. 3. No longer competitors, Vroom and Sidekick agreed to settle their dispute (the "Settlement Agreement"). *Id.* The 2022 Opinions appear to be barriers to the Settlement Agreement, however. The parties have represented that "absent vacatur of this Court's judgment and related opinions and orders, Sidekick must continue to pursue its appeal in order to defend its intellectual property rights," and "[a]bsent vacatur, the parties are unable to settle and the appeal (and potential remand) must go forward." *Id.* at 4.

## II.   LEGAL STANDARD

### a. Rule 62.1

Federal Rule of Civil Procedure 62.1 is a "procedural device that permits the District Court to issue an 'indicative' decision on a motion for relief, notwithstanding a pending appeal." *Mandalapu v. Temple Univ. Hosp., Inc.*, 796 F. App'x 152, 153 n.1 (3d Cir. 2020) (per curiam). It states, in relevant part:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). In other words, Rule 62.1 is a vehicle by which a district court can grant relief from an order that, due to a pending appeal, it normally lacks jurisdiction to consider. *See Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013); *Doe v. United States*, 842 F. App'x 719, 722 (3d Cir. 2021) (noting that district courts lack jurisdiction to grant Rule 60(b) relief during the pendency of a timely appeal). A court should deny a Rule 62.1 motion if, upon remand, it would not grant the relief being sought, *see Ralph Lauren Corp. v. Factory Mut. Ins. Co.*, No. 20-cv-10167, 2023 WL 5769419, at *2 (D.N.J. Sept. 7, 2023), or if the underlying motion is untimely. *See Peterson v. Chetirkin*, No. 21-cv-8716, 2023 WL 2784390, at *5 (D.N.J. Apr. 5, 2023).

Courts in this Circuit have granted Rule 62.1 motions where modification or vacatur of a judgment was necessary for parties to effectuate a settlement agreement. *See Janssen Prods., L.P. v. Lupin Ltd.*, No. 10-cv-5954, 2016 WL 3392291, at *3 (D.N.J. June 15, 2016); *Braintree Lab'ys Inc. v. Lupin Atlantis Hldgs. SA*, No. 11-cv-1341, 2016 WL 8814360, at *1 (D.N.J. Sept. 20, 2016). Other courts have granted vacatur in similar postures. *See MLB Props., Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (granting vacatur when the parties were "locked in a dispute that they could end on a commercial basis satisfactory to both" and vacatur was "a

2

necessary condition of settlement"); *Mayes v. City of Hammond, Ind.*, 631 F. Supp. 2d 1082, 1098 (N.D. Ind. 2008) ("[T]he amicable settlement agreement, the joint nature of the request for vacatur . . . and the lack of any significant public concern [are] exceptional circumstances favoring vacatur") (citation modified).

### b. Rule 60(b)

Rule 60(b) grants courts broad discretion to vacate a final judgment. The Rule includes a catch-all provision that allows a court to grant relief for reasons not enumerated in Rule 60(b)(1)-(5). Fed. R. Civ. P 60(b)(6) (authorizing vacatur for "any other reason that justifies relief"); *Taylor v. Comm'r of Pa. Dept. of Corr.*, 150 F.4th 188, 192 (3d Cir. 2025).[3] The Third Circuit has added a requirement that a party seeking relief under Rule 60(b)(6) must "demonstrate the existence of extraordinary circumstances that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citation modified). This is, as courts have described, a heavy burden. *Wilder v. DMR Consulting Grp., Inc.*, 345 F. App'x 735, 736 n.1 (3d Cir. 2009). Unlike motions seeking relief under Rule 60(b)(1)-(3), there is no set time limit in filing a Rule 60(b)(6) motion. *Cardona v. Lewisburg*, 600 F. App'x 821, 822 n.1 (3d Cir. 2015) (observing that "a motion for relief under Rule 60(b)(6) is not limited by any strictly defined time period") (citation modified).

## III. DISCUSSION

As the parties indicate, the Third Circuit has not opined on whether "exceptional circumstances" are required for a district court to vacate an order where there is a pending appeal. Mot. 5; *see U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (explaining that "exceptional circumstances" may allow an appellate court to vacate a judgment under review). *Contrast Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116-17 (4th Cir. 2000) (holding that *Bonner Mall* applies only to "appellate vacatur of appellate decisions") *with Karl Storz Imaging, Inc. v. Pointe Conception Med., Inc.*, 471 F. App'x 904, 904 (Fed. Cir. 2012) (remanding and instructing the district court to apply *Bonner Mall* in deciding vacatur). Nor has the Supreme Court provided guidance on how, if at all, the codification of Rule 62.1 affects its *Bonner Mall* precedent. Regardless, because Rule 60(b)(6) requires "extraordinary circumstances" as a prerequisite for vacatur, the Court need not decide whether *Bonner Mall* is applicable to the instant Motion. *See Comm. on Oversight and Gov't Reform v. Sessions*, 344 F. Supp. 3d 1, 9 (D.D.C. 2018) (declining to consider whether there is a difference between *Bonner Mall*'s "exceptional circumstances" test and Rule 60(b)(6)'s requirement of "extraordinary circumstances").

The Court finds that vacatur is warranted under Rule 60(b)(6). While a settlement agreement alone is insufficient to justify vacatur, *Bonner Mall*, 513 U.S. at 29, this case presents extraordinary circumstances that favor Rule 60(b) relief.

First, the parties represent that the 2022 Opinions are "the only remaining obstacles to a concluded settlement." Mot. 9-10. Courts have found that when vacatur is a necessary condition

---

[3] The parties suggest that relief is available under both subsections (5) and (6) of Rule 60(b). Mot. 5. Because "clause (6) and clauses (1) through (5) [of Rule 60(b)] are mutually exclusive," the Court will only consider whether the Motion should be granted under Rule 60(b)(6). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (suggesting mutual exclusivity among Rule 60(b)'s subsections); *SEC v. Fin. Warfare Club, Inc.*, 425 F. App'x 85, 87 (3d Cir. 2011) ("the availability of relief under those [other] subsections renders subsection (b)(6) unavailable").

of settlement, exceptional circumstances are present. *See MLB Props., Inc.*, 150 F.3d at 152. Second, vacating the 2022 Opinions would preserve both judicial resources and the resources of the parties. The Federal Circuit, instead of scheduling oral argument and disposing of the Appeal on its merits, may remand the Appeal to this Court for a final judgment. *Karl Storz*, 471 F. App'x at 904. Moreover, the parties will no longer have to litigate a dispute they both desire to settle amicably. Third, given that Vroom has exited the used vehicle e-commerce market and therefore no longer competes with Sidekick, it makes little business sense for Sidekick to continue to pursue its claims against Vroom. At the same time, the Court appreciates that, absent vacatur, Sidekick must continue the Appeal to defend its intellectual property rights. Mot. 6 (describing Sidekick's "fear that this Court's unreviewed ineligibility rulings would create a cloud over its intellectual property portfolio"); *see MLB Props., Inc.*, 150 F.3d at 152 (recognizing that MLB "had to be concerned about the effect of the district court's decision in future litigation with alleged infringers" and granting vacatur). This change in the parties' business relationship, coupled with Sidekick's obligation to defend its intellectual property portfolio, are unique circumstances warranting vacatur.

The Court is mindful of the effects that nullifying its prior rulings on the eligibility of the Patents-in-Suit may have on the public interest. *See* Jeremy W. Bock, *An Empirical Study of Certain Settlement-Related Motions for Vacatur in Patent Cases*, 88 IND. L. J. 919, 923-24 (2013) (explaining concerns stemming from vacatur of judicial determinations on the scope, validity, or enforceability of patents). Such drawbacks, however, are outweighed by (1) the Third Circuit's strong preference for settlements; (2) the avoidance of expense to the parties—and the judicial system—associated with prosecuting the Appeal; and (3) the benefits to the parties that vacatur of the 2022 Opinions will bring. *See Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) (noting that the presumption in favor of voluntary settlement agreements is "especially strong" in complex cases). Thus, "[t]his Court sees no reason to squelch a settlement agreement reached by the parties to this action while the dispute is pending at the appellate level." *Hospira, Inc. v. Sandoz Inc.*, No. 09-cv-4591, 2014 WL 794589, at *4 (D.N.J. Feb. 27, 2014).

### IV.  CONCLUSION

Finding vacatur appropriate under Rule 60(b)(6), the Court hereby indicates that, under Rule 62.1(a)(3), if the Federal Circuit were to remand this matter, this Court would enter an order vacating the 2022 Opinions.

Date: January 6, 2026

WILLIAM J. MARTINI, U.S.D.J.